IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| MARCUS LEE ASSOCIATES, L.P., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WACHOVIA BANK, N.A. | : | NO. 10-667 |

MEMORANDUM AND ORDER

Ditter, J.                                                                                       January 20, 2011

Involved in this bankruptcy case is a secured creditor's financing of its troubled debtor's building project. It comes before me on the debtor's appeal from the Bankruptcy Court's refusal to reconsider its finding that the creditor would not be adequately protected if cash collateral was used for further construction and that as to the creditor, the automatic stay should be lifted. For the reasons that follow, I will affirm the decision of the Bankruptcy Court.

1. **Background**

Marcus Lee is a Pennsylvania limited partnership established for the purpose of developing a parcel of land in a subdivision known as the Meridian of Valley Square in Warrington, Pennsylvania. On February 16, 2009, Marcus Lee filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Wachovia is Marcus Lee's senior secured creditor and holds a first priority lien on and security interest in all of Marcus Lee's assets, including the Meridian of Valley Square residential development project.

Marcus Lee filed an expedited motion for the use of cash collateral on February 27, 2009. The parties operated under a series of court-approved, stipulated orders governing the use of cash collateral from February through October of 2009. The Bankruptcy Court held an evidentiary

hearing on December 14 and 15, 2009, on Marcus Lee's continued authority to use cash collateral. On December 29, 2009, the Bankruptcy Court denied Marcus Lee's continued use of cash collateral and granted Wachovia relief from the automatic stay. Marcus Lee was authorized to file a motion for reconsideration on an expedited basis, and it did so. On January 8, 2010, the Bankruptcy Court denied the motion for reconsideration and issued a statement of reasons in support of its December 29, 2009 order. This appeal followed.

## 2. Discussion

The Bankruptcy Code permits a debtor in possession to use cash collateral only where the creditor consents or the court finds that there is "adequate protection" of the secured creditor's interest in the cash collateral. 11 U.S.C. § 363(c)(2), (e). Marcus Lee asserts that the Bankruptcy Court erred in denying its motion for reconsideration when the court concluded there was not adequate protection.

The Third Circuit has held that a "bankruptcy court's conclusion that [a party] had adequate protection [is] a factual finding which [is] reviewed using the deferential clearly erroneous standard." *In re Swedeland Dev. Group*, 16 F.3d 552, 558 (3d Cir. 1994) (addressing adequate protection as required by section 364(d) of the Bankruptcy Code and citing *In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987) (holding that "whether a creditor is adequately protected is a question of fact" and evaluating the bankruptcy court's determination for clear error)). Furthermore, "denial of a motion for reconsideration is reviewed for abuse of discretion." *McDowell v. Phila. Housing Auth.*, 423 F.3d 233, 238 (3d Cir. Pa. 2005).

Marcus Lee, as the debtor, bore the burden of establishing adequate protection. *In re Swedeland Dev. Group*, 16 F.3d at 564. "Adequate protection" is not explicitly defined, "but

section 361 states that it may be provided by (1) periodic cash payments; (2) additional or replacement liens; or (3) other relief resulting in the 'indubitable equivalent' of the secured creditor's interest in such property. . . . [D]etermination of whether there is adequate protection is made on a case by case basis." *Id.* at 564 (analyzing adequate protection under § 364(d) and addressing superiority lien).

The Bankruptcy Court presided over two days of hearings, observing the testimony presented by Marcus Lee. The Court explicitly credited both the testimony of Marvin Katz regarding the value of the real property and the testimony of Steven Katz regarding the completion costs. (Jan. 8, 2010 Statement of Reasons in Support of December 29, 2009 Order at 3-4, n. 2). However, the Court found that it was "unable to determine the *current value* of the 19 units based solely on average sale price **after** improvements are made" and that "although there clearly is value to the raw land in its current state and in the 19 units, [Marcus Lee] has failed to provide the Court with a non-speculative basis for determining an actual current value of such assets." *Id.* at 4 (italicized emphasis added, bold in original). The Court therefore found that "the future value of the land and 19 units [was] the **only** evidence in the record before the Court on the value of the same." The Court noted the balance of the debt owed to Wachovia was in excess of $5.5 million and that Marcus Lee established only $950,000 in current value of the property based on the two model homes and an additional $300,000 in cash collateral. The Court thus held "that Wachovia's interests are not adequately protected." *Id.* at 6.

Marcus Lee's argument that the Bankruptcy Court could have attributed some value to the current land based on testimony regarding the projected value of the land after planned improvements does not constitute clear error. The Third Circuit has "reject[ed] the notion that

section 361 states that it may be provided by (1) periodic cash payments; (2) additional or replacement liens; or (3) other relief resulting in the 'indubitable equivalent' of the secured creditor's interest in such property. . . . [D]etermination of whether there is adequate protection is made on a case by case basis." *Id.* at 564 (analyzing adequate protection under § 364(d) and addressing superiority lien).

The Bankruptcy Court presided over two days of hearings, observing the testimony presented by Marcus Lee. The Court explicitly credited both the testimony of Marvin Katz regarding the value of the real property and the testimony of Steven Katz regarding the completion costs. (Jan. 8, 2010 Statement of Reasons in Support of December 29, 2009 Order at 3-4, n. 2). However, the Court found that it was "unable to determine the *current value* of the 19 units based solely on average sale price **after** improvements are made" and that "although there clearly is value to the raw land in its current state and in the 19 units, [Marcus Lee] has failed to provide the Court with a non-speculative basis for determining an actual current value of such assets." *Id.* at 4 (italicized emphasis added, bold in original). The Court therefore found that "the future value of the land and 19 units [was] the **only** evidence in the record before the Court on the value of the same." The Court noted the balance of the debt owed to Wachovia was in excess of $5.5 million and that Marcus Lee established only $950,000 in current value of the property based on the two model homes and an additional $300,000 in cash collateral. The Court thus held "that Wachovia's interests are not adequately protected." *Id.* at 6.

Marcus Lee's argument that the Bankruptcy Court could have attributed some value to the current land based on testimony regarding the projected value of the land after planned improvements does not constitute clear error. The Third Circuit has "reject[ed] the notion that

section 361 states that it may be provided by (1) periodic cash payments; (2) additional or replacement liens; or (3) other relief resulting in the 'indubitable equivalent' of the secured creditor's interest in such property. . . . [D]etermination of whether there is adequate protection is made on a case by case basis." *Id.* at 564 (analyzing adequate protection under § 364(d) and addressing superiority lien).

The Bankruptcy Court presided over two days of hearings, observing the testimony presented by Marcus Lee. The Court explicitly credited both the testimony of Marvin Katz regarding the value of the real property and the testimony of Steven Katz regarding the completion costs. (Jan. 8, 2010 Statement of Reasons in Support of December 29, 2009 Order at 3-4, n. 2). However, the Court found that it was "unable to determine the *current value* of the 19 units based solely on average sale price **after** improvements are made" and that "although there clearly is value to the raw land in its current state and in the 19 units, [Marcus Lee] has failed to provide the Court with a non-speculative basis for determining an actual current value of such assets." *Id.* at 4 (italicized emphasis added, bold in original). The Court therefore found that "the future value of the land and 19 units [was] the **only** evidence in the record before the Court on the value of the same." The Court noted the balance of the debt owed to Wachovia was in excess of $5.5 million and that Marcus Lee established only $950,000 in current value of the property based on the two model homes and an additional $300,000 in cash collateral. The Court thus held "that Wachovia's interests are not adequately protected." *Id.* at 6.

Marcus Lee's argument that the Bankruptcy Court could have attributed some value to the current land based on testimony regarding the projected value of the land after planned improvements does not constitute clear error. The Third Circuit has "reject[ed] the notion that

development property is increased in value simply because a debtor may continue with construction which might or might not be profitable." *In re Swedeland Dev. Group*, 16 F.3d at 566. The Court further held that "continued construction based on projections and improvements to the property does not alone constitute adequate protection." *Id*. at 566.

The Bankruptcy Court's opinion is supported by record evidence and is not abuse of discretion. Furthermore, because lack of adequate protection is grounds for a relief from the automatic stay, 11 U.S.C. § 362(d)(1), the Bankruptcy Court properly granted the stay and denied Marcus Lee's motion for reconsideration.

## 3. Conclusion

The record supports the Bankruptcy Court's conclusion that adequate cause existed to deny the use of cash collateral and grant relief from the automatic stay. Accordingly, I will affirm the Bankruptcy Court's Order of January 8, 2010 denying reconsideration.

An appropriate order follows.